UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY AUGUSTUS,

Plaintiff,

v.

JACOB DUNCAN,

Defendant.

No. 2:26-cv-00212-JAM-DMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Jacob Duncan's Motion to Dismiss Plaintiff Anthony Augustus' Complaint. ECF No. 7-1, Defendant's Memorandum of Points and Authorities ("Mot."). Plaintiff filed an opposition to Defendant's motion (ECF No. 8 "Opp'n")), and Defendant filed a reply (ECF No. 13 ("Reply")).

For the reasons detailed below, Defendant's Motion to Dismiss is granted.[1] Defendant's Request for Judicial Notice is also granted. See ECF No. 7-2.

[1] This motion was determined to be suitable for decision without oral argument. See ECF No. 18; E.D. Cal. L.R. 230(g).

## I. FACTUAL ALLEGATIONS

Plaintiff's complaint includes five causes of action: (1) "False or Misleading Warrant Affidavit (Judicial Deception)" pursuant to "42 U.S.C. § 1983 – Fourth Amendment;" (2) "Unreasonable Seizure Pursuant to Judicial Deception" pursuant to "42 U.S.C. § 1983 – Fourth Amendment;" (3) Malicious Prosecution pursuant to "42 U.S.C. § 1983 – Fourth Amendment;" (4) "Denial of Right to Fair Trial" pursuant to "42 U.S.C. § 1983 – Fourteenth Amendment;" and (5) "Equal Protection (Class-of-One / Selective Law Enforcement)" pursuant to "42 U.S.C. § 1983 – Fourteenth Amendment." See ECF No. 1, Compl.

Plaintiff's claims stem from an investigation into the rape of a minor by the Plaintiff and another adult male. See Compl. ¶¶ 10-11. Plaintiff alleges Detective Duncan, the defendant, obtained information during his investigation that "tended to exonerate" Plaintiff, "knowingly pressure and coached [the victim] to provide inculpatory statements against Plaintiff," and included false or misleading information and "ommitt[ed] exculpatory facts" in reports and/or an arrest warrant affidavit. Id. ¶¶ 10-30. Plaintiff claims "[a]s a result of Defendant's conduct, [he] was charged with multiple felony counts, including rape, assault, battery, and child-pornography-related offenses." Id. ¶ 31. Although the complaint indicates Plaintiff was acquitted of a number of these crimes, it alludes to Plaintiff being "subjected to criminal proceedings," that "result[ed] in his incarceration . . . following the final disposition of the criminal proceedings." Id. ¶¶ 31-36.

///

The complaint omits material information about Plaintiff being convicted and serving a prison sentence pursuant to a guilty plea he entered in the criminal case underlying all of Plaintiff's claims. See ECF 7-2, Defendant's Request for Judicial Notice ("RJN"), Exhibit E.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein,

conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)).

B. Analysis

Starting with Defendant's Request for Judicial Notice, it is well established that "court filings and other matters of public record" may be judicially noticed. See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360 (9th Cir.1998)). Plaintiff objects to the Court taking judicial notice, claiming the Court "may not take notice of the truth of disputed facts contained within those records or use them to resolve factual

disputes," although the documents proffered by the defense are court records and other filings referenced in Plaintiff's complaint and related to Plaintiff's prosecution and conviction. See Opp'n at 6. Plaintiff's objection relies on an oversimplification of the precedent cited in support of this assertion. In Khoja, the Ninth Circuit engaged in a detailed analysis of the "overuse and improper application of judicial notice" in securities cases. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-99 (9th Cir. 2018). The court also discussed the "incorporation-by-reference" doctrine, which "treats certain documents as though they are part of the complaint itself," and "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Id. at 1002 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681–82 (9th Cir. 2006) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.")).

Defendant submits a number of publicly filed court documents from the underlying criminal case at the center of Plaintiff's claims here. While Plaintiff contends that if the Court considers these documents it will convert Defendant's motion into a motion for summary judgment, "Rule 201 permits a court to notice [court filings and other matters of public record] if [they] are not subject to reasonable dispute."

Khoja, 899 F.3d at 998 (internal citations and quotations omitted).

Plaintiff does not dispute the fact of his conviction, the existence of these court documents, or the information contained within these records; instead, this information is simply omitted from his complaint, despite the complaint being replete with references to the underlying criminal case the documents are from. Because the documents fall well within Rule 201, and taking judicial notice of these documents is also consistent with "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," Defendant's request for judicial notice is granted. Accord Khoja, 899 F.3d at 1002. Additionally, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," and in doing so here, the Court finds Plaintiff's arguments regarding the conversion of the motion to dismiss into a motion for summary judgment by granting Defendant's request judicial notice are wholly without merit. Id., 899 F.3d at 998 (quoting Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) (internal quotations omitted) overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.2002)).

1. Counts One and Two for Judicial Deception

Defendant moves to dismiss Plaintiff's first and second claims, arguing there are insufficient facts and allegations to satisfy the Rule 9(b) heightened pleading standard for judicial deception claims, because they sound in fraud. See Mot. at 5-6;

Fed. R. Civ. P. 9(b).

Plaintiff vigorously argues judicial deception claims are only subject to "the ordinary plausibility standard" in the Ninth Circuit. This argument completely misstates the law, despite citing a Ninth Circuit case applying Rule 9(b)'s heightened pleading standard to judicial deception claims. Cf. Opp'n at 2-4 (citing Benavidez v. County of San Diego, 933 F.3d 1134 (9th Cir. 2021) (applying Rule 9(b) to judicial deception claims)). In Benavidez, the Ninth Circuit analyzed whether the plaintiffs had sufficiently pled constitutional claims for judicial deception under Rule 9(b)'s "heightened pleading standard." 933 F.3d at 1146-1149. The opinion even has a subheading "Judicial Deception under Rule 9(b)." Id. at 1148. Plaintiff's opposition also misrepresents cases Plaintiff claims were cited by the Defendant, which, as correctly pointed out by Defendant in his reply, appear nowhere in the Defendant's motion. See Opp'n at 4-8; Reply at 1-2.

"To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." KRL v. Moore, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002)). The Court agrees with Defendant, that "the allegations [in Plaintiff's complaint] simply fail . . . to meet the elements of what was claimed to be misrepresented to omitted, how it was deliberate, [and how it was] material to the judicial decision," and Plaintiff fails to "cite any specific language in any arrest warrant . . . ." See

Mot. at 6. Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud," including "the who, what, when, where and how, . . . including what is false or misleading about a statement, and why it is false." Benavidez, 993 F.3d 1134 (quoting Fed. R. Civ. P. 9(b)) (other citations and internal quotations omitted). Even in its Opposition, Plaintiff's claims are vague and conclusory, and tellingly, Plaintiff's Opposition is devoid of any citations to specific paragraphs of his complaint. See, e.g., Opp'n at 7.

The Court also agrees with Defendant, that allowing leave to amend these claims would be futile, especially since Plaintiff does not provide any meaningful response to Defendant's arguments regarding dismissal with prejudice. See Mot. at 6; Opp'n at 7 ("[D]ismissal with prejudice would be improper. Leave to amend must be granted unless amendment would be futile."); Reply at 3. Accordingly, Defendant's motion to dismiss Counts One and Two is granted with prejudice.

2. Count Three: Malicious Prosecution

"Federal courts rely on state common law for the elements of malicious prosecution," and in California, "a plaintiff claiming malicious prosecution [must] establish 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" Mills v. City of Covina, 921 F.3d 1161, 1169 (9th Cir. 2019) (citing Awabdy v. City of Adelanto, 368 F.3d 1062 (9th Cir. 2004) and quoting Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863 (1989)). A plaintiff must also

demonstrate "the defendants prosecuted him for the purpose of denying him equal protection or another specific constitutional right." Id. (quoting Awabdy, 368 F.3d at 1066) (internal brackets omitted).

Defendant moves to dismiss Count Three, arguing the complaint lacks any factual detail substantiating the elements of this cause of action, including a failure to tie any alleged acts by the Defendant to the specific charges in the underlying prosecution. See Mot. at 6-7. And, Plaintiff's conviction bars Plaintiff's claims insofar as they are related to that specific charge. Id.; Reply at 3-5.

Starting with Plaintiff's conviction, Plaintiff argues it "arose from separate alleged conduct—specifically, allegations that Plaintiff took a minor to an adult party—and does not share the factual basis of the rape and related sexual offense charges challenged here." Opp. at 9. This information, however, is nowhere in the complaint; as detailed above, Plaintiff does not acknowledge there was a conviction in the complaint, omits facts related to his conviction from the complaint, and states "[t]he criminal proceedings terminated in [his] favor as to all serious felony charges." See Compl. It is well-established that a conviction precludes a claim for malicious prosecution, since an essential element of this claim is favorable termination – meaning an adjudication "reflecting the merits of the action and plaintiff's innocence of the misconduct." See Mills v. City of Covina, 922 F.3d 1161, 1170-71 (9th Cir. 2019) (quoting Pattiz v. Minye, 61 Cal.App.4th 822, 827 (1988) (internal quotations omitted)); see also Pattiz, 61 Cal.App.4th at 827 (to succeed on

a claim of malicious prosecution, "[a plaintiff] must prove a termination that reflects his innocence."). Here, Plaintiff pled guilty to a felony, and was convicted and sentenced to prison. It is clear as a matter of law that Plaintiff's claims, insofar as they related to his count of conviction, a violation of Penal Code section 273a(b), are foreclosed because of this conviction; therefore, they are dismissed with prejudice. See Jaffe v. Stone, 18 Cal.2d 146, 150 (1941) ("If the accused were actually convicted, the presumption of his guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge;" noting even "a dismissal [] on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilty, [] does not constitute a favorable termination.").

Turning to the remaining allegations tied to this claim, Plaintiff avers he was "found [] not guilty on eleven counts . . . ," and alleges he has sufficiently pled facts supporting this claim. Compl. ¶ 32; Opp. at 8-11. While it is true that Plaintiff's other claims are not barred simply by his single count of conviction, see Chiaverini v. City of Napoleon, 602 U.S. 556 (2024), the Court agrees with Defendant that Plaintiff's complaint is completely devoid of facts related to Defendant "improperly exert[ing] pressure on the prosecutor, knowingly provid[ing] misinformation to him, conceal[ing] exculpatory evidence, or otherwise engag[ing] in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings . . . ," and wholly "fails to connect the proverbial dots [of any factual allegations] to the

criminal charges." See Reply at 4-5. And, as with Counts One and Two, it is telling that Plaintiff does not cite nor quote any specific portions of his complaint, and instead advances a conclusory argument his claim has been adequately pled. For these reasons, Count Three is dismissed. See also Gibson v. City of Portland, 165 F.4th 1265, 1286-96 (9th Cir. 2026) (authorizing dismissal of shotgun pleadings under Rule 12(b)(6) where a complaint simply "indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count . . . prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.") (internal citations and quotations omitted). Since Defendant has not argued amendment would be futile, the remainder of Count Three is dismissed without prejudice. Accord Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

3. Count Four: Denial of Right to Fair Trial and Count Five: Equal Protection

Defendant moves to dismiss both the fourth and fifth causes of action because they are deficiently pled; the complaint contains "sparse allegations" that fail to connect any of Defendant's conduct to the requisite elements of these claims and does not include any facts that otherwise substantiate these claims. See Mot. at 7-10; Reply at 5-6.

As to Count Four, Plaintiff claims "Detective Duncan fabricated evidence, coerced false statements, and suppressed

exculpatory information," to deny Plaintiff a fair trial. Compl. ¶¶ 50-52. In the Ninth Circuit, "[t]o prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. [] To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017) (citations and quotations omitted). Like the Deveraux plaintiff, Plaintiff here "has not adduced or pointed to any [facts] . . ." supporting the proposition that "(1) Defendant[] continued their investigation [] despite the fact that they knew or should have known he was innocent; or (2) Defendant[] used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001). Though Plaintiff once again makes conclusory arguments in his Opposition, and includes threadbare statements of the elements of this crime in his complaint, Plaintiff does not cite or quote any portion of the complaint demonstrating facts substantiating these allegations and elements. See Opp. at 11-17.

Similarly, Plaintiff opposes Defendant's motion by claiming

he "alleges not only differential treatment, but the manner in which that treatment occurred . . . ," as compared to "similarly situated individuals," thereby "identify[ing] both differential treatment and a comparator class . . . to support a plausible inference of unequal enforcement." Opp. at 15-16. Again, Plaintiff does not reference or quote any portions of the complaint, and nowhere does the complaint include any facts about similarly situated individuals, a comparator class, nor any other facts substantiating Plaintiff's claim of "differential treatment." See Compl.

The Equal Protection Clause of the Fourteenth Amendment commands that "all persons similarly situated should be treated alike," City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985), and forbids the government from "treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). To state a "class of one" claim, a plaintiff must allege facts showing that they have been "'[1] intentionally [2] treated differently from others similarly situated and that [3] there is no rational basis for the difference in treatment.'" SmileDirectClub, LLC v. Tippins, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 562 (2000) (per curiam)). A class-of-one plaintiff must allege facts demonstrating they are "similarly situated to the proposed comparator in all material respects." See SmileDirectClub, 31 F.4th at 1123.

As to the selective enforcement claim plaintiff advances, the Ninth Circuit has reiterated it is well-established that "[a] government entity has discretion in prosecuting its

criminal laws, but enforcement is subject to constitutional constraints." Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1152 (9th Cir. 2007). As explained in Rosebaum:

> [A] plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose. [Wayte v. United States, 470 U.S. 598, 608 (1985)]. "To establish a discriminatory effect . . ., the claimant must show that similarly situated individuals . . . were not prosecuted." United States v. Armstrong, 517 U.S. 456, 465 [](1996). "To show discriminatory purpose, a plaintiff must establish that "the decision-maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Wayte, 470 U.S. at 610 [] (internal citation omitted). In addition to the showing of discriminatory purpose and effect, plaintiffs seeking to enjoin alleged selective enforcement must demonstrate the police misconduct is part of a "policy, plan, or a pervasive pattern." Thomas v. County of Los Angeles, 978 F.2d 504, 509 (9th Cir. 1993).

484 F.3d at 1152-53. The Court agrees with Defendant's assessment of Plaintiff's complaint – it contains "conclusory allegations [that] do little more than cite the elements," also justifying the dismissal of Plaintiff's fifth cause of action. See Mot. at 10; accord Iqbal, 556 U.S. at 678-79 (dismissal is required when the complaint's allegations do not "plausibly give rise to an entitlement to relief;" conclusory or "formulaic recitation[s] of the elements" do not [] suffice) (internal quotations and citations removed)).

For these reasons, Plaintiff's fourth and fifth causes of action are dismissed. As with Plaintiff's third claim, Defendant has not argued amendment would be futile, so Defendant's motion is granted without prejudice. Accord Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d

1048, 1052 (9th Cir. 2003).

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss:

1. Defendant's motion is granted, with prejudice, as to Plaintiff's first and second causes of action;

2. Defendant's motion is granted, with prejudice, as to claims in the third causes of action tied to Plaintiff's count of conviction;

3. Defendant's motion as to the third cause of action is otherwise granted without prejudice;

4. Defendant's motion is granted as to Plaintiff's fourth cause of action, without prejudice; and

5. Defendant's motion is granted as to Plaintiff's fifth cause of action, without prejudice.

If Plaintiff elects to file an amended complaint, he shall do so within twenty days of the date of this Order. Defendants shall file their response to the amended complaint within twenty days thereafter.

IT IS SO ORDERED.

Dated: August 7, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE